UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KERRY QUINN-GONCALVES,                  )
    Plaintiff,                          )
                                           )
                  v.                    )
                                           )         Civil Action No. 24-cv-10655-PGL
ICE FIELD OFFICE,                       )
    Defendant.                          )

MEMORANDUM AND ORDER

LEVENSON, U.S.M.J.

       Kerry Quinn-Goncalves, a resident of Plymouth, Massachusetts, has filed a civil action.

For the reasons set forth below, this action is subject to dismissal for lack of jurisdiction. If Ms.

Quinn-Goncalves wishes to proceed with this action, she must:

       (1) Satisfy this Court's filing fee requirement. This means Plaintiff must either pay the

Court's $405 filing and administrative fee, or else seek leave to proceed *in forma pauperis*; and

       (2) File an amended complaint.

I.    Background

       Kerry Quinn-Goncalves, proceeding *pro se*, initiated this action by filing a Complaint

using the preprinted Pro Se 1 form.[1] Docket No. 1. Plaintiff has neither paid the $405 filing fee

nor filed an application to proceed without prepayment of fees.[2]

---

[1] In addition to the Pro Se 1 form, Ms. Quinn-Goncalves also filed a document titled "Arguments," which provides case law that she contends supports her arguments regarding the legality of Mr. Quinn-Goncalves's detention (Docket No. 1-2), as well as various supporting documents, such as communications with ICE representatives and the Barnstable County Sheriff's Office (Docket No. 1-1).

[2] A person commencing a non-habeas civil action must (1) pay a $350 filing fee and a $55 administrative fee; or (2) file an application to proceed without prepayment of fees (also referred to as a motion or application to proceed *in forma pauperis*).

The Complaint, as filed, identifies the sole defendant as the ICE Field Office in Burlington, Massachusetts. Ms. Quinn-Goncalves asks this Court to order the release of her husband, Igor Leandro Quinn-Goncalves, from immigration detention. Ms. Quinn-Goncalves contends that her husband's detention violates his constitutional rights. *See generally* Docket No. 1. Specifically, the Complaint lists the following claims: "violation of [her husband's] due process rights" and "equal protection violation on behalf of [her] husband." *Id.* at ¶ II(A). Ms. Quinn-Goncalves writes that "[a]s Igor[']s wife," she "feels [her and her husband's] rights have been violated" and her husband's "unjustified detention has caused an extreme financial hardship to [their] family," as she is "disabled in a wheelchair and depend[s] on [her] husband[] for support." *Id.* at ¶ III. Ms. Quinn-Goncalves further alleges that her husband's "prolonged detention violates his constitutional rights and in connection to his detention [she is] suffering without [her] husband and only caretaker." *Id.* For relief, Ms. Quinn-Goncalves seeks "release" of her husband "from detention." *Id.* at ¶ IV. Specifically, she seeks to have the Court "[o]rder ICE to allow an immigration judge to hold a bond hearing for [her] husband and give jurisdiction for bond" or "to request ICE release [her] husband on humanitarian parole." *Id.*

Court records indicate that on March 15, 2024, the same day the instant action was filed, Ms. Quinn-Goncalves, proceeding as her husband's next friend, filed a petition in this Court under 28 U.S.C. § 2241 for a writ of habeas corpus. *See generally* Complaint, *Ramos Quinn-Goncalves v. ICE Field Office* (No. 24-cv-10653-ADB), ECF No. 1. A District Judge of this Court transferred that case to the U.S. District Court for the District of New Hampshire, the district in which Mr. Quinn-Goncalves is confined. *See* Order of Transfer at 2, *Ramos Quinn-Goncalves v. ICE Field Office* (No. 24-cv-10653-ADB), ECF No. 3 ("Because the petitioner is

not confined in the District of Massachusetts, the Court is without jurisdiction over the present petition[] . . . .").

II.    Standard of Review

 Federal courts have authority under the Constitution to rule on questions of law "only if necessary to do so in the course of deciding an actual 'case' or 'controversy.'" *Hollingsworth v. Perry*, 570 U.S. 693, 700 (2013). "For there to be such a case or controversy, it is not enough that the party invoking the power of the court have a keen interest in the issue"; "[t]hat party must also have 'standing,' which requires, among other things, that it have suffered a concrete and particularized injury." *Id.* Specifically, the standing requirement "requires the [party] to prove that he has suffered a concrete and particularized injury that is fairly traceable to the challenged conduct, and is likely to be redressed by a favorable judicial decision." *Id.* at 704 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)). "In other words, for a federal court to have authority under the Constitution to settle a dispute, the party before it must seek a remedy for a personal and tangible harm." *Id.*

"[S]tanding is a prerequisite to a federal court's subject matter jurisdiction," *Hochendoner v. Genzyme Corp.*, 823 F.3d 724, 730 (1st Cir. 2016), and the Court "has an obligation to inquire sua sponte into its own subject matter jurisdiction," *McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the case."). As such, standing may also be addressed sua sponte. *See Maxwell v. Fed. Bureau of Investigation*, No. 19-cv-1208, 2019 WL 7472255, at *1 (D.N.H. Dec. 10, 2019) ("Under Article III of the Constitution, standing is a prerequisite to subject matter jurisdiction that [courts] must address, sua sponte if

necessary, when the record reveals a colorable standing issue." (alteration in original) (quoting *Rivera v. IRS*, 708 F. App'x 508, 513 (10th Cir. 2017))).

The Court will construe Ms. Quinn-Goncalves's Complaint generously because she is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (explaining that "allegations of [a] pro se complaint" are held "to less stringent standards than formal pleadings drafted by lawyers"); *Rodi v. S. New Eng. Sch. of Law*, 389 F.3d 5, 13 (1st Cir. 2004) ("[T]he fact that the plaintiff filed the complaint pro se militates in favor of a liberal reading.").

III.   Discussion

"[A]s a general rule, a plaintiff 'must assert [her] own legal rights and interests, and cannot rest [her] claim to relief on the legal rights or interests of third parties.'" *United States v. AVX Corp.*, 962 F.2d 108, 114 (1st Cir. 1992) (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975)). As such, a plaintiff generally lacks standing to pursue constitutional claims on behalf of her spouse. *See Laoye v. United States*, No. 14-5195, 2020 WL 730397, at *2 (D.N.J. Feb. 13, 2020) ("A third party does not have standing to raise a constitutional claim on behalf of his or her spouse."); *Hui Yu v. U.S. Dep't of Homeland Sec.*, 568 F. Supp. 2d 231, 234 (D. Conn. 2008) (explaining that "[a] plaintiff can only assert his own rights" and, therefore, "jurisdiction cannot be invoked solely on the basis of harms to a plaintiff's spouse"); *Oliver v. Pogats*, No. 91-1717, 1992 WL 76951, at *1 (6th Cir. Apr. 13, 1992) ("[The plaintiff] does not have standing to sue on his wife's behalf for alleged violations of her constitutional rights."); *cf. Soto v. Flores*, 103 F.3d 1056, 1062 (1st Cir. 1997) (affirming that the plaintiff "could not bring a due process claim based on injury to her children" despite the "enormous" suffering the injury to her children caused her).

4

As best can be gleaned from the Complaint, Ms. Quinn-Goncalves, as sole Plaintiff,[3]

seeks to enforce her husband's constitutional rights. Indeed, when asked to provide "the specific

federal statutes, federal treaties, and/or provisions of the United States Constitution" at issue in

the case, Ms. Quinn-Goncalves listed violations of her husband's due process and equal

protection rights. Docket No. 1, at ¶ II(A).[4] It appears, therefore, that Ms. Quinn-Goncalves lacks

standing to pursue these claims.[5]

To the extent Ms. Quinn-Goncalves wishes to proceed with the case, the Court will grant

her an opportunity to amend the Complaint. In any amended complaint, Ms. Quinn-Goncalves

would have to allege facts demonstrating that Defendant has violated, or continues to violate, *her*

rights. Ms. Quinn-Goncalves is advised that, because an amended complaint completely

supersedes an original complaint, *Brait Builders Corp. v. Mass., Div. of Cap. Asset Mgmt.*, 644

---

[3] Although Ms. Quinn-Goncalves included her husband's name in the caption of the Complaint, the rest of the document suggests he is not a party to the action. *See, e.g.*, Docket No. 1, at ¶ I(A) (failing to include Ms. Quinn-Goncalves's husband's information where information regarding "each plaintiff" was requested); *id.* at ¶ V(A) (failing to include Ms. Quinn-Goncalves's husband's signature in the certification section).

[4] To be sure, in the Statement of Claim section of the Complaint, Ms. Quinn-Goncalves wrote: "I feel *our* rights have been violated[] . . . ." Docket No. 1, at ¶ III (emphasis added). However, she does not describe any violation(s) of her own rights, instead claiming that the alleged violations of *her husband's* constitutional rights have caused *her* suffering. *See id.* ("His prolonged detention violates his constitutional rights and in connection to his detention I am suffering without my husband and only caretaker.").

[5] To the extent Ms. Quinn-Goncalves may seek to represent her husband, this is not permitted. There is no indication from the pleadings that she is an attorney licensed to practice law, and non-attorneys are prohibited from representing anyone other than themselves. *Herrera-Venegas v. Sanchez-Rivera*, 681 F.2d 41, 42 (1st Cir. 1982) ("By law an individual may appear in federal courts only pro se or through legal counsel."); *Hootstein v. Amherst-Pelham Reg'l Sch. Comm.*, 361 F. Supp. 3d 94, 101 (D. Mass. 2019) ("[A] *pro se* party cannot represent people other than him or herself."); *see also* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); L.R. 83.5.5(b) (D. Mass.) ("An individual appearing *pro se* may not represent any other party and may not authorize any other individual who is not a member of the bar of this district to appear on his or her behalf.").

F.3d 5, 9 (1st Cir. 2011), she should repeat in any amended complaint anything from the original complaint that she wishes to be part of the operative complaint.

As noted above, to proceed with an amended complaint, Ms. Quinn-Goncalves will be required to satisfy the filing fee requirements of this Court. That means she must either pay the filing fee or file an application to proceed without payment of fees.

To the extent that, through the filing of this Complaint, Ms. Quinn-Goncalves intends to bring a petition under 28 U.S.C. § 2241 for a writ of habeas corpus on behalf of her husband as his next friend, such a petition would be dismissed as duplicative of the action brought on March 15, 2024, and assigned Docket No. 24-cv-10653-ADB, which has already been transferred to the District of New Hampshire.

IV.    Conclusion

The Complaint is subject to dismissal for lack of jurisdiction. As explained above, if Ms. Quinn-Goncalves wishes to proceed with this action, she shall, not later than June 12, 2024, (1) either pay the $405 filing and administrative fee or seek leave to proceed *in forma pauperis*; and (2) file an amended complaint that lies within this Court's jurisdiction and that states a plausible claim upon which relief may be granted.

Failure to comply with this Order will likely result in dismissal of this action by a United States District Judge.

SO ORDERED.

May 22, 2024                                    /s/ Paul G. Levenson
                                                UNITED STATES MAGISTRATE JUDGE