**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

KERRY QUINN-GONCALVES,
Plaintiff,
v.
ICE FIELD OFFICE,
Defendant.

Civil Action No.
24-cv-10655-PGL

**REPORT AND RECOMMENDATION**
**(and ORDER TO REASSIGN CASE)**

**LEVENSON, U.S.M.J.**

*Pro se* plaintiff Kerry Quinn-Goncalves filed a Complaint against Defendant ICE Field Office of Burlington, Massachusetts on March 15, 2024, using the preprinted Pro Se 1 form. Docket No. 1. In the Complaint, she claimed that her husband's detention violates his constitutional rights and sought his release. *See id.*

On May 22, 2024, I entered an order directing Plaintiff to show cause, no later than June 12, 2024, why this action should not be dismissed. Docket No. 3. In the order, I noted that Ms. Quinn-Goncalves, as sole Plaintiff, appeared to seek to enforce *her husband's* constitutional rights and that, "as a general rule, a plaintiff must assert [her] own legal rights and interests, and cannot rest [her] claim to relief on the legal rights or interests of third parties." *Id.* at 4–5 (quoting *United States v. AVX Corp.*, 962 F.2d 108, 114 (1st Cir. 1992) (internal quotation marks omitted)).[1] I

[1] I also noted that if, through the filing of the Complaint, Ms. Quinn-Goncalves intended to bring a petition under 28 U.S.C. § 2241 for a writ of habeas corpus on behalf of her husband as his next friend, such a petition would be dismissed as duplicative of the action brought on March 15, 2024, and assigned Docket No. 24-cv-10653-ADB, which has already been transferred to the District of New Hampshire.

explained that if Ms. Quinn-Goncalves wished to proceed with the case, she would need to file an amended complaint that alleged facts demonstrating that Defendant violated, or continues to violate, *her* rights.[2] *Id.* at 5. Finally, I warned that failure to comply with the order to show cause would likely result in dismissal of the action by a United States District Judge. *Id.* at 6.

As of the date of this Report and Recommendation, Ms. Quinn-Goncalves has not responded to the order to show cause. Because Ms. Quinn-Goncalves lacks standing to pursue this action, the Complaint should be dismissed without prejudice. S*ee Hochendoner v. Genzyme Corp.*, 823 F.3d 724, 730, 736 (1st Cir. 2016) (explaining that "standing is a prerequisite to a federal court's subject matter jurisdiction" and that, like dismissals for lack of subject matter jurisdiction, dismissals for lack of standing "operate without prejudice").

The parties have not consented to the jurisdiction of a Magistrate Judge in this case. Accordingly, I will treat this as a dispositive matter that is subject to the Report and Recommendation provisions of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts. *See* R. 3(a)(15) ("other pretrial matters as are dispositive of a claim or defense").

[2] I also explained that, upon filing her amended complaint, Ms. Quinn-Goncalves would need to satisfy the Court's filing fee requirements (*i.e.*, pay the filing fee or file an application to proceed without the payment of fees).

**CONCLUSION**

I direct the Clerk to assign this matter to a District Judge for purposes of considering whether to adopt this Report and Recommendation.

I recommend that the Court dismiss this action without prejudice.[3]

/s/ Paul G. Levenson
United States Magistrate Judge

Date: June 24, 2024

[3] The parties are hereby advised that under the provisions of Federal Rule of Civil Procedure 72(b), any party who objects to this recommendation must file specific written objections thereto with the Clerk of this Court within fourteen days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. *See Keating v. Sec'y of Health & Hum. Servs.*, 848 F.2d 271 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378–79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).